**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TANYA CLARK**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 16 C 8642 |
| | ) |
| **KIM L. KELLEY**, Individually and in his | ) |
| official capacity as Justice of the Superior | ) |
| Court of Peoria County, | ) |
| | ) |
| Defendant. | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>[1]

Tanya Clark ("Clark") has filed a pro se Complaint against Judge Kim Kelley, both "individually and in his official capacity as Justice of the Superior Court of Peoria County,"[2] seeking to invoke 42 U.S.C. §§ 1983, 1985 and 1986 in advancing what Clark characterizes as "claims arising from violations of plaintiff's civil rights and federal rights guaranteed and protected by the Constitution." Clark's "Statement of Case" comprises 6-1/2 typewritten pages of continuous narrative in an extremely small type font that charges Judge Kelley with all manner of judicial abuse.

---

[1] This Court had already dictated its opinion in this action on the basis of the original Complaint filed by plaintiff on September 2, and it was then awaiting the transcription of the opinion to permit its issuance when a copy of an Amended Complaint (the "AC," filed on September 6) arrived in chambers yesterday afternoon. This Court's comparative review of the two pleadings has disclosed that none of the modest changes reflected in the AC calls for any different analysis, so that what follows in the text speaks in terms of the AC with no substantive change from the earlier dictation.

[2] Judge Kelley is actually an Associate Judge of the Circuit Court for the 10th Judicial District of Illinois.

But Clark's attempted access to the federal judicial system to air her grievances is blocked by the firmly established principle of absolute judicial immunity as pronounced and enforced by the United States Supreme Court.  That doctrine, first pronounced in extensive terms in Pierson v. Ray, 386 U.S. 547 (1967), has evolved in the intervening half century since then through successive decisions ultimately culminating in Stump v. Sparkman, 453 U.S. 349 (1978), which reversed a decision by our own Court of Appeals (Sparkman v. McFarlin, 552 F.2d 172 (7th Cir. 1977)) that had painted with less broad a brush.[3]

To be sure, the cited cases speak in terms of immunity from the payment of damages (relief that Clark has sought in the AC, though it was not part of the prayer for relief in the original Complaint), while the AC's concluding Prayer for Relief also asks for what she characterizes as "equitable relief."  But Clark's proposed remedies in that respect also do not provide a ticket of entry to the federal judicial system:

1. As for "injunctive relief," Clark seeks an order "commanding defendant to make all previous orders and judgments null and void due to the violations and fraud."  But this Court does not sit in review of the decisions of state trial courts -- that role is reserved for the state appellate courts (and see also the full faith and credit provisions of 28 U.S.C. § 1738).

2. As for "declaratory relief," the caselaw uniformly holds that the federal Declaratory Judgment Act (28 U.S.C. § 2201) is not a source of substantive subject matter jurisdiction, but rather a remedy potentially available where such jurisdiction otherwise exists.

---

[3] See also the per curiam post-Stump decision in Mireles v. Waco, 502 U.S. 9 (1991).

In sum, Clark can find no solace in her attempted bootstrapping that might try to override the principle of absolute judicial immunity.

Accordingly both Clark's Complaint and this action itself must be and are dismissed. That renders moot Clark's contemporaneously filed Motion for Attorney Representation (Dkt. No. 5) and her In Forma Pauperis Application (Dkt. No. 4), which had been tendered in support of Dkt. No. 5, so that both of those docket entries are denied on mootness grounds.

Finally, it should be made clear that this opinion is limited to ruling on the unavailability of a federal remedy for Clark's grievances -- grievances as to which this Court states no substantive view. In that respect Clark remains free to pursue such remedies as may be available under state law.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 7, 2016